UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDIELL SUERO and MAGGIE WILKINS,<br><br>                            Plaintiffs,<br><br>          - against -<br><br>NFL, NEW YORK FOOTBALL GIANTS, INC., NEW YORK JETS LLC, and NEW MEADOWLANDS STADIUM COMPANY, LLC,<br><br>                            Defendants. | Civil Action No. 1:22-CV-31-AKH-BCM |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

HAYNES AND BOONE, LLP

Jonathan D. Pressment
Alexandra Larkin
Rebecca Schwarz
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: 212-659-7300
Facsimile: 212-884-9561
jonathan.pressment@haynesboone.com
alexandra.larkin@haynesboone.com
rebecca.schwarz@haynesboone.com

*Attorneys for Defendants NFL, New York Football Giants, Inc., New York Jets LLC, and New Meadowlands Stadium Company, LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

I.  PLAINTIFFS FAIL TO RESPOND TO VIRTUALLY ALL OF THE ARGUMENTS SET FORTH IN DEFENDANTS' MOTION............................................................... 3

    A.  The Opposition Fails to Demonstrate That the Teams' Alleged Conduct Was Misleading................................................................................................. 4

    B.  The Opposition Fails to Demonstrate That the Stadium's Alleged Conduct Was Misleading. ............................................................................................ 8

    C.  The Opposition Fails to Demonstrate That Defendants' Alleged Conduct Was Material. ................................................................................................. 9

    D.  The Opposition Fails to Demonstrate That Plaintiffs Suffered A Cognizable Injury........................................................................................................... 10

II.  PLAINTIFFS' ATTEMPT TO EVADE DISMISSAL BY ANALOGY FAILS ............. 11

III.  IN ANY EVENT, PLAINTIFFS' CLAIMS AGAINS THE NFL MUST BE DISMISSED ...................................................................................................................... 12

CONCLUSION......................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barsoumanian v. Williams,*
  29 F.Supp.3d 303 (W.D.N.Y. 2014), *aff'd sub. nom Barsoumanian v.
  University at Buffalo*, 594 Fed.Appx. 41 (2d Cir. 2015) ............................................................3

*Belcastro v Burberry Ltd.,*
  No. 16-CV-1080, 2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017) ..........................................7, 11

*Bildstein v. MasterCard Int'l, Inc.,*
  329 F.Supp.2d 410 (S.D.N.Y.2004) .........................................................................................10

*Braynina v. TJX Companies, Inc.,*
  No. 15-CV-5897, 2016 WL 5374134 (S.D.N.Y. Sept. 26, 2016) .............................................10

*Chen v. Dunkin' Brands, Inc.,*
  954 F.3d 492 (2d Cir. 2020) .......................................................................................................4

*Druyan v. Jagger,*
  508 F. Supp. 2d 228 (S.D.N.Y. 2007) ........................................................................................5

*Elite Union Installations, LLC v Nat'l. Fire Ins. Co. of Hartford,*
  No. 20-CV-4761, 2021 WL 4155016 (S.D.N.Y. Sept. 13, 2021) ...............................................9

*Fibermark, Inc. v. Brownville Specialty Paper Prod., Inc.,*
  419 F. Supp. 2d 225 (N.D.N.Y. 2005) ........................................................................................9

*Fink v. Time Warner Cable,*
  714 F.3d 739 (2d Cir. 2013) ...................................................................................................4, 7

*Geffner v. Coca-Cola Co.,*
  928 F.3d 198 (2d Cir. 2019) .......................................................................................................9

*George v. Starbucks Corp.,*
  857 F. App'x 705 (2d Cir. 2021) ................................................................................................9

*Mobileye, Inc. v. Picitup Corp.,*
  928 F.Supp.2d 759 (S.D.N.Y. 2013) ..........................................................................................9

*National Football League Properties v. New Jersey Giants,*
  637 F. Supp. 507 (D.N.J. 1986) ...........................................................................................7, 11

*Orlander v. Staples,*
  802 F.3d 289 (2d Cir. 2015) .......................................................................................................7

*Sullivan v. New York*,
    No. 14-CV-1334, 2015 WL 5025296 (S.D.N.Y. Aug. 25, 2015) ................................................ 4

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. 2021) ............................................................................................ 4

*Weinstein v. Ebay, Inc.*,
    819 F.Supp.2d 219 (S.D.N.Y. 2011) ......................................................................................... 5, 6

**Other Authorities**

CPLR 213(8) ................................................................................................................................ 12

Federal Rule of Evidence 407 .................................................................................................. 8, 9

Defendants respectfully submit this Reply Memorandum of Law (the "Reply") in response to Plaintiffs' Opposition to Defendant's Motion to Dismiss (ECF No. 34) (the "Opposition" or "Opp.") and in further Support of Defendants' Motion (ECF No. 33) (the "Motion" or "Mot.") to dismiss Plaintiffs' Amended Complaint (ECF No. 31) (the "Amended Complaint") with prejudice.[1]

## PRELIMINARY STATEMENT

Plaintiffs' Opposition merely confirms the Amended Complaint's claims are frivolous and sanctionable. The Opposition fails to address almost all the dismissal arguments raised in the Motion—instead, it anecdotally vents about the time and costs of travelling to games (which any fan would incur no matter where the teams play), and the appropriateness of the Meadowlands in New Jersey as a site for any stadium because of its purported use as a site for waste disposal years ago. As such, the Opposition continues to play the same "games" as the Amended Complaint—and they have nothing to do with football *or* the law.

As set forth in the Motion, the Amended Complaint (whether cast as claims for false advertising, deceptive practices, or fraudulent misrepresentation) offers two theories of liability: (1) the Giants and Jets allegedly engage in misleading conduct by continuing to be branded as "New York" teams despite playing their home games in New Jersey—where they have played for almost fifty years; and (2) the Stadium's website allegedly misleadingly touts its quality and success as a venue and proximity to New York. Neither claim has any merit. In fact, the Opposition simply regurgitates the same rhetoric and frivolous arguments of the Amended Complaint. These arguments get no better with time or repetition.

---

[1] Defined terms in the Opposition brief have the same meaning as in Defendants' Motion to Dismiss.

The Opposition ignores Defendants' substantive legal arguments for dismissal of the false advertising and deceptive practices claims entirely. As explained in the Motion, those claims fail for several reasons, including under New York's "reasonable consumer" standard which requires that Plaintiffs' claims be analyzed from the perspective of "a reasonable consumer acting reasonably under the circumstances."

Here, no reasonable consumer purchasing tickets would be misled into believing the Giants and Jets play in any stadium other than the East Rutherford, New Jersey stadium they have called home for nearly fifty years. Courts routinely dismiss false advertising and deceptive practices claims on the pleadings under these circumstances. Plaintiffs' arguments, to the contrary, ask the Court to analyze Plaintiffs' claims from the perspective of the least sophisticated consumer. But that is precisely what the case law says this Court cannot do. Plaintiffs' claims as to the Stadium also fail because challenged statements are either true as a matter of public record or obvious puffery that is not actionable as a matter of law.

Plaintiffs' fraud claim fares even worse. As explained in the Motion, the Amended Complaint offers no allegations to support *any* of the elements needed to sustain the claim. The Opposition does not meaningfully respond to any of these arguments. Instead, Plaintiff aims to distract the Court by pointing to alleged changes to the Stadium's website that Plaintiffs argue "prove that [Defendants] were in fact engaged in false advertising and deceptive practices as Plaintiffs have argued since filing the original Complaint." (Opp. at 4.) However, Plaintiffs' reliance on alleged changes to the Stadium's website misses the point.

Apart from offering no support for Plaintiffs' claims against the *teams* or the NFL, none of the statements on which Plaintiffs rely for their claims as to the Stadium—whether they remain on the Stadium's website or not (and nearly all of them do in one form or another)—are

actionable in the first place. Moreover, basic rules of evidence preclude Plaintiffs from relying on such changes to prove liability.

Plaintiffs' remaining arguments are long on sarcasm, but short on legal support. In fact, the Opposition lacks virtually any case law at all. Instead, the Plaintiffs rely on a host of conclusory assertions, block quotes of statutes—absent any explanation as to how they have been violated—inapt analogies, and attempts to distinguish (unsuccessfully) a few of the dozens of cases cited in Defendants' Motion. None of these ploys is sufficient to avoid dismissal with prejudice. And Plaintiffs should get no credit for "voluntarily" abandoning their negligence claim. Plaintiffs' counsel concedes that he failed to read the statute upon which it was based—and from which the Stadium is exempt—prior to filing the Amended Complaint. Like the rest of the Amended Complaint, Plaintiffs' counsel had an affirmative obligation to investigate their claims prior to filing their pleading—it is clear they have not.

Plaintiffs have had multiple opportunities to set forth *prima facie* claims for relief. The Opposition confirms they cannot do so. Thus, it is time for Plaintiffs' games to end.

## I.

## PLAINTIFFS FAIL TO RESPOND TO VIRTUALLY ALL OF THE ARGUMENTS SET FORTH IN DEFENDANTS' MOTION

The Opposition's sections addressing "Deceptive Practices," (*see* Opp. at 9), "False Advertising," (*id.* at 10), and "Fraudulent Misrepresentation," (*id.*), offer no response to the substantive arguments set forth in the Motion. Instead, Plaintiffs rely on block quotes of statutory language or legal elements asserted in tandem with conclusory sentences stating that Plaintiffs are entitled to damages. This alone warrants dismissal. *See Barsoumanian v. Williams*, 29 F.Supp.3d 303, 317, 323 (W.D.N.Y. 2014) ("Plaintiff does not respond to this argument, and therefore this cause of action is properly dismissed under a theory of

abandonment"), *aff'd sub. nom Barsoumanian v. University at Buffalo*, 594 Fed.Appx. 41 (2d Cir. 2015) (summary order); *see also Sullivan v. New York*, No. 14-CV-1334, 2015 WL 5025296, at *5 (S.D.N.Y. Aug. 25, 2015) ("a counseled party's partial opposition to a motion 'may imply an abandonment of some claims'") (quoting *Jackson v. Federal Exp.*, 766 F.3d 189, 196 (2d Cir. 2014)).

A. *The Opposition Fails to Demonstrate That the Teams' Alleged Conduct Was Misleading.*

The Opposition confirms that Plaintiffs cannot demonstrate the teams engaged in any conduct that is misleading, let alone materially misleading. Under New York law, Plaintiffs' false advertising and deceptive practices claims are held to an objective standard of "a reasonable consumer acting reasonably under the circumstances." (*See* Mot. at 9-10 (citing *Orlander v. Staples*, 802 F.3d 289, 300-02 (2d Cir. 2015)); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).) Courts routinely decide these questions on a motion to dismiss pursuant to Rule 12(b)(6). *Fink*, 714 F.3d at 741 ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."); *see, e.g., Bowring v. Sapporo U.S.A., Inc.*, 234 F.Supp. 3d 386, 390 (S.D.N.Y. 2017) (dismissing case pursuant to Rule 12(b)(6) because disclaimer on Sapporo beer bottles stating it is brewed in Canada defeated deceptive practices claim); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160-63 (S.D.N.Y. 2021) (dismissing case pursuant to Rule 12(b)(6) against producer of "vanilla soymilk" that was not made primarily from vanilla bean because reasonable consumer understands "vanilla" as a flavor not an ingredient); *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 495, 501 (2d Cir. 2020) (affirming dismissal pursuant to Rule 12(b)(6) because a reasonable consumer would not be misled into thinking that an "Angus Steak & Egg Breakfast Sandwich" from Dunkin Donuts that costs $4.00 contains an actual "steak"); *Druyan v. Jagger*,

4

508 F. Supp. 2d 228, 244 (S.D.N.Y. 2007) (dismissing pursuant to Rule 12(b)(6) where reasonable consumer would not be misled into believing concert was guaranteed to proceed as scheduled where ticket stated, "DATE & TIME ARE SUBJECT TO CHANGE"). Plaintiffs cannot satisfy this standard as a matter of law, and no further amendment will cure this deficiency.

As set forth in the Motion, no "reasonable consumer acting reasonably under the circumstances" would be materially misled when purchasing tickets to the Giants and Jets into believing the Stadium was anywhere other than the New Jersey location where the teams have played since the 1970s and 80s. (Mot. at 11-12.) Nor would a reasonable consumer "acting reasonably under the circumstances" be likely to purchase tickets to a game without first checking the location where the game is to be played. Plaintiffs' claims require dismissal for this reason alone. *Weinstein v. Ebay, Inc.*, 819 F.Supp.2d 219, 228 (S.D.N.Y. 2011) (dismissing deceptive practices claim under Rule 12(b)(6) where reasonable consumer would have known they were purchasing tickets on the secondary market and face value of tickets was publicly available information).

Plaintiffs' efforts to evade the "reasonable consumer" standard are without merit. Plaintiffs argue that Defendants' interpretation of a reasonable consumer "ignore[s] facts like the true nature of the current demographic[.]" (Opp. at 7.) But Plaintiffs' view of the "current demographic" is untethered from reality. According to Plaintiff, if a consumer was under fifty years old today and was *not alive* in the 1970s and 1980s when the teams moved to New Jersey, those individuals would be entirely unaware that the New York Giants and Jets play in New Jersey. (*Id.*) In other words, the "reasonable consumer" in Plaintiffs' eyes is one who has little to no information about the teams they are paying to see. Plaintiffs also assume that a reasonable

5

consumer purchasing tickets to a Giants or Jets game would do so absent *any* knowledge of where the games take place. Such arguments defy credulity.

Plaintiffs' arguments lower the bar for a "reasonable consumer" to a level of understanding possessed by the "least sophisticated consumer." That is precisely what the law forbids. *See Weinstein*, 819 F. Supp. at 228. Indeed, followed to their logical conclusion, Plaintiffs' arguments would give rise to claims against the Giants and Jets for *any* tickets purchased by fans to away games since, by Plaintiffs' logic, the reasonable consumer would assume that all games played by the New York Giants and New York Jets are played in New York. But, of course, that is not the case.

Plaintiffs do not dispute that neither team has ever represented that their home stadium is in New York. Instead, Plaintiffs argue that this is merely a "a fake issue" because "the misrepresentation is that [the Giants and Jets] are New York teams." (Opp. at 7). Yet, regardless of where they play (at the Stadium or on the road in an away game), the New York Giants are *still* the New York Giants, and the New York Jets are *still* the New York Jets. Both are historic NFL franchises with longstanding ties to the New York metropolitan area. In other words, the actual product on the field is precisely as billed—two teams affiliated with New York. *See, e.g., Bowring*, 234 F. Supp. 3d at 390-91 (E.D.N.Y. 2017) (dismissing case pursuant to Rule 12(b)(6) because the product origin was disclosed and "alleged Japanese imagery and the trademarked [] symbol are not misrepresentations, but a tribute to the history and heritage of the company").

Plaintiffs also cite no caselaw in support of their arguments—and their attempt to distinguish a few of the cases that Defendant cited in the Motion (disregarding the vast majority of the caselaw) are entirely unavailing. Plaintiffs assert that *Orlander*, 802 F.3d at 301-02, demonstrates that "there are disputes about what [a reasonable consumer] might or might not

6

believe in any given circumstance[,]" and that in *Orlander* the court granted plaintiff leave to amend. (*See* Opp. at 8.) None of that supports Plaintiffs' arguments or demonstrates that a reasonable consumer here buying tickets to the Giants or Jets would be confused about where the game is being held. Likewise, Plaintiffs' attempts to distinguish *Fink*, 714 F.3d at 741, and *Belcastro v. Burberry Ltd.*, No. 16-CV-1080, 2017 WL 5991782, at *3 (S.D.N.Y. Dec. 1, 2017), are entirely misplaced. (Opp. at 8.) For both, it appears that Plaintiff is arguing (though it is not clear), that the court dismissed the claims because plaintiffs failed to provide sufficient support for their allegations. (*Id.*) But Plaintiffs' claims suffer from the same deficiency here.

Plaintiffs also apparently take issue with Defendant's citation to *National Football League Properties v. New Jersey Giants*, 637 F. Supp. 507 (D.N.J. 1986) ("*NFL Props.*"), which Plaintiffs relied upon in their Amended Complaint. (Amend. Compl. ¶¶ 21-23.) In *NFL Props.*, the District of New Jersey recognized that the Giants' (and Jets') home in East Rutherford, New Jersey was well-within its home territory under the NFL's Constitution. In the Opposition, Plaintiffs ask the Court to disregard that fact because it is "just the definition promulgated by the NFL in its Constitution and Bylaws." (Opp. at 6.) But that goes precisely to the fact that at no time have Defendants made any representation that has not been in alignment with the NFL's own rules. Consistent with those internal league rules, the *NFL Props.* court noted the Giants decided to retain the name "New York Giants" when it moved to New Jersey because "the Giants have the right to retain the long-standing goodwill and reputation they have developed in the name 'New York Giants[.]'" *NFL Props.*, 637 F. Supp. at 510, 513. That is precisely the case here.

Plaintiffs' assertion that the Giants and Jets must play in New York to bear New York names, (Opp. at 2), is also directly contrary to the Amended Complaint's own allegations. In fact, Plaintiffs affirmatively allege that team names can refer to a team's "hometown" or "region"—not

7

necessarily where they play. (Amend. Compl. ¶¶ 1, 8.) Moreover, Plaintiffs readily concede that there are numerous examples of teams that play in different cities than the city with which they are affiliated. (Opp. at 11-12; Mot. at 5 n.5.)

Although Plaintiffs attach greater significance to the Jets and Giants location in a different state than the one with which they are affiliated, Plaintiffs overlook that there are examples of that too—the Washington Commanders (who play in Maryland) and the New York Red Bulls (who play in New Jersey). (Mot. at 5, n. 5.) Plaintiffs' only answer to these examples is to ignore the Red Bulls entirely and claim the location of the Washington Commanders' home stadium in Maryland does not count because "D.C. is not a state, and Maryland and Virginia are both stand-in states for our nation's capital." (Opp. at 11.) Such arguments merely underscore the speciousness of Plaintiffs' claims.

### B. *The Opposition Fails to Demonstrate That the Stadium's Alleged Conduct Was Misleading.*

As set forth in detail in the Motion, Plaintiffs' claims as to the Stadium are also meritless because the statements on which Plaintiffs rely either qualify as puffery or are true as a matter of public record. (*See* Mot. at 14-15.) Instead of addressing those legal arguments, Plaintiffs assert that recent changes to the Stadium's website advance their cause. They do not. As the website screenshots offered in support of the Opposition make clear, much of the relevant content on the Stadium website remains the same—including many of the alleged "Ten Lies" on which Plaintiffs' claims against the Stadium are based.[2] In any event, "Federal Rule of Evidence 407 clearly

---

[2] The website still states "that MetLife Stadium hosts the world's biggest events on the world's biggest stage", that MetLife Stadium has been named 'Highest Grossing Stadium of the Year 9 times by *Billboard* and '2017 Venue of the Year' by Stadium Business[.]" And although the current webpage submitted with Plaintiffs' Opposition no longer includes content regarding public transportation options from Penn Station including *New Jersey* transit, that content is still available through the public transportation link at the bottom of the website page.

prohibits the introduction of subsequent remedial measures to prove culpable conduct[.]" *Mobileye, Inc. v. Picitup Corp.*, 928 F.Supp.2d 759, 776 n.15 (S.D.N.Y. 2013) (declining to consider evidence in false advertising case under Rule 407 that defendants had "removed . . . challenged statements from its website" as a "tacit admission" that the statements were false).

Further, regardless of whether the statements on which Plaintiffs rely remain on the Stadium's website, none of them are actionable. Indeed, nearly all the Statements qualify as puffery or are indisputably true as a matter of public record. (*See* Mot. at 14-15.) This also compels dismissal of Plaintiffs' false advertising, deceptive practices and fraudulent misrepresentation claims. *See, e.g., George v. Starbucks Corp.*, 857 F. App'x 705, 706 (2d Cir. 2021) (affirming dismissal of claims pursuant to Rule 12(b)(6) because advertisements such as "[b]est coffee for the Best You" and "Starbucks or nothing" are not actionable under Sections 349 and 350); *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019) (holding "statement that Diet Coke will 'not go to your waist' is so vague and non-specific a representation that, at most, it amounts to inactionable 'puffery'"); *Fibermark, Inc. v. Brownville Specialty Paper Prod., Inc.*, 419 F. Supp. 2d 225, 241-42 (N.D.N.Y. 2005) ("[T]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed. . . ."); *Elite Union Installations, LLC v Nat'l. Fire Ins. Co. of Hartford*, No. 20-CV-4761, 2021 WL 4155016, *4 (S.D.N.Y. Sept. 13, 2021) (court may properly take into account matters of public record in deciding a motion to dismiss).

C.  ***The Opposition Fails to Demonstrate That Defendants' Alleged Conduct Was Material.***

Plaintiffs' false advertising, deceptive practices and fraudulent misrepresentation claims also fail because Plaintiffs cannot demonstrate—as they must—that the alleged misleading conduct was also material. To establish that conduct is material under New York law, a claimant must demonstrate that it "involve[ed] information that [wa]s important to consumers and likely

9

to affect their choice of product." (*See* Mot. at 13); *Braynina v. TJX Companies, Inc.*, No. 15-CV-5897, 2016 WL 5374134, *5 (S.D.N.Y. Sept. 26, 2016) (dismissing claims pursuant to Rule 12(b)(6)).

Here, Plaintiffs fail to allege that their purported choice to attend a Giants or Jets game was in any way based on a belief that the teams played their home games in New York or due to the Stadium's purported misleading statements. Thus, even if Plaintiffs could demonstrate that Defendants engaged in misleading conduct—and they cannot—they have failed to set forth any allegations sufficient to demonstrate that such conduct was material. Nor could they. Absent such allegations, as explained in the Motion, Plaintiffs' claims are doomed from the start. (*See* Mot. at 13-14, 16.) Accordingly, Plaintiffs claims must be dismissed. *See, e.g., Bildstein v. MasterCard Int'l, Inc.*, 329 F.Supp.2d 410, 413-14 (S.D.N.Y.2004) (dismissing claim because complaint failed to allege that disclosure would have had any effect on the plaintiff).[3]

### D.   *The Opposition Fails to Demonstrate That Plaintiffs Suffered A Cognizable Injury.*

Even absent these deficiencies, Plaintiffs' claims would still fail because Plaintiffs cannot demonstrate they suffered any cognizable injuries as a result of Defendants' alleged misleading conduct. (*See* Mot. at 21-22.) Plaintiffs' only response to this fatal deficiency is to assert they "purchased ticket[s] and attended an NFL game at MetLife Stadium in 2021." (Opp. at 9.) Yet,

---

[3] In addition, as set forth in the Motion, Plaintiffs' fraud claim fails because the Amended Complaint fails to demonstrate any of the required elements. (*See* Mot. at 18-22.) Plaintiffs do not address the substance of these arguments at all. Rather, Plaintiffs simply quote a New York Court of Appeals case describing the elements of a fraud claim. (*See* Opp. at 10.) Plaintiffs provide no analysis or argument at all and merely include the quote and instruct the Court that the "Amended Complaint include[s] a detailed recitation of Defendants' acts constituting fraudulent misrepresentation." Plaintiffs' failure to respond in any meaningful way reflects its abandonment of this issue as well. *See supra* 3-4.

Plaintiffs fail to explain—in any manner whatsoever—how that qualifies as an injury. Indeed, Plaintiffs got precisely what they paid for—tickets to Giants and Jets games.

It is not enough for a plaintiff to allege they were improperly induced into making the purchase. Rather, a plaintiff must plead that he or she "overpaid by some objective measure" for the item purchased. *Belcastro*, 2017 WL 5991782 at *4. The Amended Complaint lacks any such allegations. To the extent Plaintiffs contend their injuries are comprised of alleged travel time and costs, that also fails to qualify as a legally cognizable injury. (*See* Mot. at 18 (citing *Braynina*, 2016 WL 5374134, at *10-11 (citing cases).)

## II.

## **PLAINTIFFS' ATTEMPT TO EVADE DISMISSAL BY ANALOGY FAILS**

Plaintiffs' analogies to champagne made in Champagne, France and maple syrup made in Vermont are inapposite and do nothing to resuscitate their failed legal claims. And Plaintiffs' bald assertion that "[t]here are a line of Champagne cases in Europe that address this issue in a similar manner" fails to legitimize them. (Opp. at 12.) A team is not a bottle of sparkling wine, a natural sweetener or any other consumer product sold in stores. A team is a name, the players who bear it on their jerseys, and the tradition for which it stands. Thus, just like the sparkling wine makers in Champagne who have worked to build a reputation for their product, the New York Jets and the New York Giants "have the right to retain the long-standing goodwill and reputation they have developed in the name[s]." *NFL Props.*, 637 F. Supp. at 513.[4]

---

[4] In support of these frivolous arguments, Plaintiffs launch into the alleged "history of the Meadowlands" and proclaim, "not only isn't the Meadowlands in New York, it was the site of one of the country's biggest garbage dumps for decades before Defendants' stadiums were built on top of it." (Opp. at 13.) Such irrelevant rhetoric merely demonstrates that Plaintiffs seek to grab headlines, rather than advance legitimate legal claims.

### III.

### IN ANY EVENT, PLAINTIFFS' CLAIMS AGAINS THE NFL MUST BE DISMISSED

Although Plaintiffs' claims as to all Defendants should be dismissed with prejudice, Plaintiffs offer no opposition at all to the portion of Defendants' Motion that seeks dismissal of Plaintiffs' claims as to the NFL. (Mot. at 23.) Accordingly, Defendants' Motion on that point is unopposed and should be granted.[5]

### CONCLUSION

For the reasons set forth herein and in the Motion, Plaintiffs' Amended Complaint should be dismissed with prejudice.

---

[5] Plaintiffs' additional arguments regarding the putative class, the statute of limitations and laches also offer no basis to avoid dismissal. Plaintiffs concede that any discussion of a proposed class is "premature and not yet ripe for the court to consider." (Opp. at 14.) And Plaintiffs' attempt to avoid dismissal on statute of limitations and laches grounds because "[s]ince the NFL was a non-profit organization until 2015, it was not pragmatic to sue in this case until 2016" offer no basis to avoid dismissal on limitations grounds. In New York, a fraud claim must be commenced within six years from the date of the fraud or within two years from when the fraud should have been discovered with reasonable diligence, whichever is later. CPLR 213(8). There is no tolling on the basis of pragmatism. Here, the New York Giants and New York Jets have openly played in New Jersey for decades, and at MetLife Stadium since 2010. (*See* Mot. at 5.)

Dated: May 16, 2022
        New York, New York

Respectfully submitted,
HAYNES AND BOONE, LLP

By: _____
Jonathan D. Pressment
Alexandra Larkin
Rebecca E. Schwarz
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
(212) 918-8961
jonathan.pressment@haynesboone.com
alexandra.larkin@haynesboone.com
rebecca.schwarz@haynesboone.com

*Attorneys for Defendants National Football League, New York Football Giants, Inc., New York Jets, Inc., and New Meadowlands Stadium Company, LLC*