UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDIELL SUERO and MAGGIE WILKINS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> - versus - <br><br> NFL, NEW YORK FOOTBALL GIANTS, INC., NEW YORK JETS, LLC, and NEW MEADOWLANDS STADIUM COMPANY, LLC, <br><br> Defendants. | Case No.: 1:22-cv-31-AJN-BCM <br><br><br> PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #:_____ <br> DATE FILED: 5/23/2022 |

**MEMO ENDORSED**

Plaintiffs respectfully move for leave to file the attached surreply **(Exhibit "A")** in response to Defendants' motion to dismiss and reply brief because Plaintiffs were not aware of it. After Plaintiffs filed their brief in opposition to Defendants' motion to dismiss, they were informed of highly probative evidence that was not included with Plaintiffs' brief filed in opposition to Defendants' motion to dismiss. On Wednesday May 11, 2022, Plaintiffs' counsel received a link to an article by the website www.thespun.com which included a link to a video. In this video, the Giants #1 draft pick for this year Evan Neal stated:

> "I didn't even know the Giants were in Jersey, so that was news to me, I thought they were in New York."

This video and article were from an interview that took place on April 30, 2022. Since the Defendants have argued in their motion to dismiss and reply brief that the NFL, New York Giants, New York Jets and MetLife Stadium have not misled anyone by their advertising, this interview is highly probative of the fact that Defendants are engaged in false, deceptive, and misleading advertising. If the Giants first round draft pick did not know that the Giants play in New Jersey, how is anyone else supposed to know?

1

**WHEREFORE**, it is respectfully requested that Plaintiffs' motion for leave to file a surreply be granted, and that such other and further relief be granted to Plaintiffs as to this Court may seem just and appropriate under the circumstances.

Dated: New York, New York
May 22, 2022

Respectfully submitted,

*s/Evan Spencer*
Evan Spencer
Evan Spencer Law, PLLC
NY Bar# 2786812
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

---

Application DENIED. "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal quotation marks and citation omitted). Consequently, extrinsic evidence - "highly probative" or not - cannot be considered on a motion made pursuant to Rule 12(b)(6) without converting that motion into one for summary judgment, which the Court declines to do. *See Marinoff v. City Coll. of New York*, 63 F. App'x 530, 531 (2d Cir. 2003) ("When presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment."); *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) (vacating decision of district court because it "relied on a matter outside of the pleadings"). SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge
May 23, 2022

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of May 2022, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties' counsel of record.

*s/Evan Spencer*
Evan Spencer